FILED
U.S. DISTRICT COURT
DIV.

2011 AUG 16 PM 2:02

CLERK C.A.dell
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

EDDIE JONES,                          :

       Plaintiff,                :

    v.                                :     CIVIL ACTION NO.: CV211-120

TOMMY GREGORY, Sheriff; APRIL         :
PALMER; CHUCK BYERLY; DAVID           :
DOUGLAS; Sgt. WATSON; and             :
Nurse JENNY,                          :

       Defendants.               :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Camden County Jail in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff has attached to his Complaint two (2) Inmate Request Forms as his Statement of Claim. In the first of these Forms, the response to which is dated June 15, 2011, Plaintiff states he is being refused medical treatment, he is in grave pain, and he has a torn ACL in both knees. In the second of these forms, which is dated only 12 days after the response to the first Request, Plaintiff states that he needs to be taken to the hospital to repair the torn ACLs in his knees. (Doc. No. 1, pp. 8-9).

Plaintiff makes no factual allegations in his Complaint against the named Defendants. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any

AO 72A
(Rev. 8/82)

factual allegations against Defendants, his Complaint should be dismissed. The most Plaintiff has shown is that Defendant Palmer signed both of these Forms, but this action by Defendant Palmer is insufficient to establish liability on her part.

In addition, it appears Plaintiff seeks to hold Defendants Gregory, Byerly, Douglas, and Watson liable based solely on their supervisory positions. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Gregory, Byerly, Douglas, and Watson should be dismissed.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _16th_ day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)